IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| RUSSELL C. BRICKEY, SR., <br> *pro se* Plaintiff, <br> <br> v. <br> <br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br> Defendant. | ) <br> ) <br> ) <br> ) CIVIL NO. 3:12cv311-HEH <br> ) <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 11), filed on August 23, 2012. Plaintiff, Russell C. Brickey, Sr., who proceeds *pro se*, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for Disability Insurance Benefits ("DIB") payments. The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is this Court's recommendation that Defendant's Motion to Dismiss for Failure to Prosecute (ECF No. 11) be GRANTED. The Court further recommends that Plaintiff's Complaint (ECF No. 3) be DISMISSED without prejudice and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL BACKGROUND

On October 4, 2010, an ALJ issued a decision denying Plaintiff's claim for benefits. (R at 28.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court.

1

(R. at 1-3.) On April 26, 2012, Plaintiff initiated an action for judicial review of that decision. (ECF No. 1.) Plaintiff also filed consent to jurisdiction by a magistrate judge (signed only by Plaintiff) on June 7, 2012.[1] (ECF No. 9.)

After Plaintiff served process on the Commissioner, the Court entered a Scheduling Order directing the parties to file cross-motions for summary judgment pursuant to a briefing schedule. (ECF No. 8.) Initially, Plaintiff's motion for summary judgment was due on August 1, 2012. On August 9, 2012, the Commissioner sent Plaintiff a letter notifying him that Defendant planned to file a motion to dismiss. (Def.'s Mot. to Dismiss for Fail. to Pros. and Mem. in Sup. ("Def.'s Mot.") at 1.) Plaintiff did not file a motion for summary judgment or a motion for extension of time. (Def.'s Mot. at 1-2.) Accordingly, Defendant filed a Motion to Dismiss for Failure to Prosecute on August 23, 2012, together with a notice that complies with the requirements of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1970). (ECF Nos. 11 & 12.) More than a month has now passed and Plaintiff has failed to file his motion for summary judgment, request any further extension of time or file any paper with this Court.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." A district court's decision to dismiss a case pursuant to Rule 41(b) is reviewed for an abuse of discretion. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). In exercising such discretion, a court must consider four factors: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of any drawn-out history of

---

[1] The Commissioner never consented to jurisdiction by the magistrate judge.

2

deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Hillig v. Commissioner*, 916 F.2d 171, 174 (4th Cir. 1990).

Moreover, Rule 41(b) provides that such a dismissal "operates as an adjudication on the merits." However, the Fourth Circuit has counseled that the district court has discretion to specify whether the dismissal is with prejudice. *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (citations omitted).

### III. ANALYSIS

Given the lengthy period during which Plaintiff has taken no action in this case, the Court can only assume that he has decided not to pursue the matter. The only question is whether, and under what terms, the Court ought to dismiss his suit pursuant to Fed. R. Civ. P. 41(b). Applying the criteria set forth in *Ballard*, 882 F.2d at 95, as it is required to do, the Court concludes that dismissal without prejudice is appropriate and recommends that the District Court enter an order to that effect.

The first factor weighs in favor of dismissal. Although Plaintiff proceeds *pro se*, he has demonstrated that he is capable of filing pleadings and papers. He bears the burden of bringing his case forward on appeal and demonstrating that he is entitled to relief. *See, e.g., Paige v. Astrue*, No. 3:09cv426, 2009 U.S. Dist. LEXIS 115575, at * 2 (E.D. Va. Nov. 23, 2009). Plaintiff failed to follow the Court's Scheduling Order or respond to Defendant's motion to dismiss in spite of Defendant's inclusion of the required *Roseboro* warning.

In contrast, Defendant has been rendered completely unable to address the merits of Plaintiff's claims because of the delay. As a result, Defendant suffers prejudice by his inability to litigate the matter at all. Thus, factor two also favors dismissal. *Ballard*, 882 F.2d at 95. In a similar vein, factor three favors dismissal, because Plaintiff has shown the Court that he is able to

3

file papers. Plaintiff does not possess *carte blanche* to pursue his claim at his leisure. Having not acted for over three months tends to suggest that the Court should expect only further delay should the case proceed.

The fourth factor, which requires the Court to consider the effectiveness of less-drastic sanctions, does not counsel against dismissal. *Ballard*, 882 F.2d at 95. However, the fourth factor counsels against dismissal with prejudice, mindful of the Fourth Circuit's instruction to fashion any available less-drastic sanction. Although such a decision undermines Defendant's interest in finality, it also serves to mitigate any legal prejudice to Plaintiff, who proceeds *pro se*. *See Paige*, 2009 U.S. Dist. LEXIS 115575, at *3-4. And of course, should the applicable statute of limitations act as a bar to Plaintiff subsequently re-filing this action, then Plaintiff's own dilatory conduct would practically render the dismissal as one with prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Defendant's motion to dismiss (Docket No. 11) be GRANTED. The Court also recommends that Plaintiff's Complaint (ECF No. 3) be DISMISSED without prejudice and that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Henry E. Hudson, to all counsel of record and to Plaintiff at his address of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure**

shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.

                                               /s/
                                    David J. Novak
                                    United States Magistrate Judge

Date: September 26, 2012
Richmond, Virginia